**CROSNER LEGAL, P.C.**
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Class***

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANA LIGHTFOOT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAME TIME SUPPLEMENTS, LLC dba RSP NUTRITION,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Suzana Lightfoot ("Plaintiff") individually, and on behalf of all others similarly situated, by and through undersigned counsel, hereby brings this action against Game Time Supplements, LLC dba RSP Nutrition ("Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

## INTRODUCTION

1. This is a consumer class action for violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), breach of express and implied warranties, negligent misrepresentation, and intentional misrepresentation/fraud.

2. Defendant manufactures, distributes, advertises, and sells AminoLean MAX pre-workout powder, available in Strawberry Lemonade and Maui Pineapple flavors (the "Products").

3. The Products' front labels prominently represent that the Products contain "Natural Flavors" and are made with "No Artificial Flavors or Colors."

4. These representations are false because the Products contain DL-malic acid, an artificial flavor.

5. Defendant's packaging, labeling, and advertising scheme is intended to give consumers the reasonable belief that they are buying premium Products that are made with no artificial flavors.

6. Like other reasonable consumers, Plaintiff was deceived by Defendant's unlawful conduct and brings this action individually and on behalf of all similarly situated consumers to remedy Defendant's unlawful acts.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs. The Products are sold at numerous retail stores and Plaintiff is seeking to

represent a nationwide class. Thus, there are over 100 members in the proposed class and the proposed class has different citizenships from Defendant. Plaintiff seeks compensatory and statutory damages, disgorgement and restitution. Plaintiff also seeks punitive damages and attorneys' fees and costs. *See Montera v. Premier Nutrition Corp., No.* 16-CV-06980-RS, 2022 WL 10719057, at *3 (N.D. Cal. Oct. 18, 2022), *aff'd,* 111 F.4th 1018 (9th Cir. 2024) (noting lodestar after jury trial in consumer protection action was $6,806,031.96). Thus, Plaintiff estimates that the amount in controversy exceeds $5 million.

8. This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California and supplies goods within the State of California. Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Products in California, specifically in this county. The marketing of the Products, including the decision of what to include and not include on the label, emanates from Defendant. Thus, Defendant has intentionally availed itself of the markets within California through its advertising, marketing, and sale of the Products to consumers in California, including Plaintiff. The Court also has specific jurisdiction over Defendant as it has purposefully directed activities towards the forum state, Plaintiff's claims arise out of those activities, and it is reasonable for Defendant to defend this lawsuit because it has sold deceptively advertised Products to Plaintiff and members of the Class in California. By distributing and selling the Products in California, Defendant has intentionally and expressly aimed conduct at California which caused harm to Plaintiff and the Class that Defendant knows is likely to be suffered by Californians.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District since Plaintiff purchased one of the Products within this District.

## PARTIES

10. Defendant is a Florida limited liability company with its principal place of business located in Miami, Florida. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

CROSNER LEGAL, P.C.

11. Plaintiff Suzana Lightfoot purchased the Product from a retail store in Fresno, California during the class period. When purchasing the Product, Plaintiff did not expect that the Product's front label "natural flavors" and "no artificial flavors" representations were false. Plaintiff did not expect Defendant to publicly place deceptive statements about the contents of its Products on the front label of the Product.

12. Plaintiff saw and relied on the "natural flavors" and "no artificial flavors" claims on the front label of the Product. Plaintiff would not have purchased the Product, or would have paid less for the Product, had she known that the Product contains artificial flavors in direct contradiction to the "natural flavors" and "no artificial flavors" statements on the Product's label. As a result, Plaintiff suffered injury in fact when she spent money purchasing a Product she would not have purchased, or would have paid less for, absent Defendant's misconduct.

13. Plaintiff desires to, and would, purchase the Products again if the Products' labels were accurate and if the Products truthfully contained no artificial flavors. However, as a result of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Products' labeling when deciding in the future whether to purchase the Products. Considering that the Plaintiff continues to see the Products for sale, she is at an imminent risk of future injury.

## FACTUAL ALLEGATIONS

14. The Products' front labels prominently represent that the Products are made with "natural flavors" and "no artificial flavors" thereby misleading reasonable consumers into believing that the Products contain no artificial flavors. However, the Products contain DL-malic acid, an artificial flavor.

15. Copies of the Products' front and rear labels are shown below:

CROSNER LEGAL, P.C.












**THE MALIC ACID IN THE PRODUCTS IS AN ARTIFICIAL FLAVOR**

16. The malic acid that Defendant puts in its Products is not a natural flavoring material; it is a synthetic chemical manufactured in a petrochemical factory from petroleum feedstocks.

17. There is a different, naturally-occurring form of malic acid found in some fruits and vegetables, called L-malic acid. *See* 21 CFR § 184.1069(a). However, Defendant does not use this type of malic acid in the Products. It instead adds a synthetic industrial chemical called DL-malic acid, in the form of a racemic mixture of d- and 1-isomers, to flavor the Products.

18. "Racemic DL-malic acid does not occur naturally. It is made commercially by hydration of fumaric acid or maleic acid." 21 CFR § 184.1069(a).

19. Laboratory testing of the Product in the Strawberry Lemonade flavor conducted in mid-2026 confirms that the Product contains artificial DL-malic acid.

20. This type of "malic acid" is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

21. Defendant uses this artificial petrochemical, DL-malic acid, in its Products but pretends otherwise, conflating the natural and artificial flavorings and deceiving consumers.

22. Federal and state consumer protection laws define as an artificial flavor "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof."

23. The DL-malic acid in Defendant's Products is derived from petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material... ", and it provides a characterizing flavor for the Products. The malic acid that Defendant puts in its Products is therefore an artificial flavor under federal and state consumer protection laws.

24. Both the natural and unnatural forms of malic acid are used as flavorings and are considered GRAS (generally recognized as safe) for that use. The DL-malic acid form, used by

Defendant, however, has never been thoroughly studied for its health effects in humans despite repeated cautions from health organizations that it should be.

25. Both forms of malic acid give a tart, fruity flavor to food products.

26. Defendant uses the artificial petrochemical DL-malic acid in its Products to simulate a tart, fruity flavor, but pretends otherwise, improperly conflating the natural and the artificial flavorings and deceiving consumers.

27. Because it contains an artificial flavor, both federal and state law require the Products to display both front- and back-label disclosures to inform consumer that it is artificially flavored. 21 C.F.R. § 101.22; California Health & Safety Code, § 110740.

28. Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

29. Because the Products violated California law, they were misbranded when offered for sale in California.

30. Plaintiffs and the Class lost money as a result of Defendant's conduct because they purchased Products that contained an undisclosed artificial flavor and were unlawful to sell.

**REASONABLE CONSUMERS ARE DECEIVED AND SUFFERED ECONOMIC INJURY**

31. Consumers, like Plaintiff, relied on Defendant's "natural flavors" and "no artificial flavors" labeling statements. Such representations are material to reasonable consumers.

32. Plaintiff and putative class members suffered economic injury as a result of Defendant's actions. Plaintiff and putative class members spent money that, absent Defendant's actions, they would not have spent.

33. Plaintiff and putative class members are entitled to damages and restitution for the purchase price of the Products and/or the price premium associated with the deceptive representations on the Products' labels. Consumers, including Plaintiff, would not have purchased Defendant's Products, or would have paid less for the Products, if they had known the Products actually contain artificial flavors.

## NO ADEQUATE REMEDY AT LAW

34. Plaintiff and members of the class are entitled to equitable relief as no adequate remedy at law exists. The statutes of limitations for the causes of action pled herein vary. Class members who purchased the Products more than three years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.

35. The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes Defendant's overall unfair marketing scheme to promote and brand the Products, across a multitude of media platforms, including the Products' labels, packaging, and online advertisements, over a long period of time, in order to gain an unfair advantage over competitor products. Plaintiff and class members may also be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

36. A primary litigation objective in this litigation is to obtain injunctive relief in the form of a label or ingredient change. Injunctive relief is appropriate on behalf of Plaintiff and members of the class because Defendant continues to misrepresent the Products as made with "natural flavors" and "no artificial flavors" when the Products actually contain the artificial flavoring ingredient DL-malic acid. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, a public injunction is available under the UCL, and damages will not adequately benefit the general public in a manner equivalent to an injunction.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure on behalf of the following Classes (or alternative Classes or Subclasses):

**<u>The Nationwide Class</u>**
All U.S. citizens who purchased the Products in their respective state of citizenship for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated.

**<u>The California Subclass</u>**
All California citizens who purchased the Products in California for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated.

38. The Classes and Subclasses described in this complaint will jointly be referred to the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

39. Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

40. Excluded from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendant.

41. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

43. <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

c. Whether Defendant made misrepresentations concerning the Products that were likely to deceive the public;

d. Whether Plaintiff and the Class are entitled to injunctive relief;

e. Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

44. Typicality: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

45. Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

46. The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with

CROSNER LEGAL, P.C.

the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

47. Additionally, or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

48. Plaintiff seeks preliminary and/or permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide restitution to Plaintiff and the Class members.

49. Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

CROSNER LEGAL, P.C.

## FIRST CLAIM FOR RELIEF

**Violation of California's Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750, *et seq*.**

50. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

51. Plaintiff brings this claim under the CLRA individually and on behalf of the California Class against Defendant.

52. At all times relevant hereto, Plaintiff and the members of the Class were "consumer[s]," as defined in California Civil Code section 1761(d).

53. At all relevant times, Defendant was a "person," as defined in California Civil Code section 1761(c).

54. At all relevant times, the Products manufactured, distributed, marketed, advertised, and sold by Defendant constituted "goods," as defined in California Civil Code section 1761(a).

55. The purchases of the Products by Plaintiff and the members of the Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

56. Defendant disseminated, or caused to be disseminated, through its advertising, false and misleading representations, including the Products' labeling that the Products were made with "no artificial flavors." Defendant failed to disclose that the Products contain an artificial flavor called DL-malic acid. This is a material misrepresentation and omission as reasonable consumer would find the fact that the Products contain artificial flavors to be important to their decision in purchasing the Products. Defendant's representations violate the CLRA in the following ways:

a. Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b. Defendant represented that the Products are of a particular standard, quality, or grade, which it is not (Cal. Civ. Code § 1770(a)(7));

c. Defendant advertised the Products with an intent not to sell the Products as advertised

(Cal. Civ. Code § 1770(a)(9)); and

d. Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

57. Defendant violated the CLRA because the Products were prominently advertised as made with "natural flavors" and "no artificial flavors" but the Products contain DL-malic acid, which is an artificial flavor. Defendant knew or should have known that consumers would want to know that the Products contained artificial flavors.

58. Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class members' rights and were wanton and malicious.

59. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Products have characteristics which they do not have.

60. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

61. Pursuant to California Civil Code section 1782, Plaintiff notified Defendant in writing by certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. Defendant has failed to take the corrective action described in Plaintiff's letter within thirty days. Accordingly, Plaintiff seeks actual, punitive, and statutory damages as appropriate, as well as attorneys' fees and costs for Defendant's violations of the CLRA.

62. Pursuant to section 1780(d) of the CLRA, below is an affidavit showing that this action was commenced in a proper forum.

## SECOND CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

63. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

64. Plaintiff brings this claim under the UCL individually and on behalf of the California Class against Defendant.

65. The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

66. Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§17500, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

67. Defendant committed "unfair" business acts or practices by: (1) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein. There is no societal benefit from deceptive advertising. Plaintiff and the other Class members paid for Products that are not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Products contain artificial flavors) of which it had exclusive knowledge. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably available alternatives to further

Defendant's legitimate business interests, other than the conduct described herein.

68. Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the Products set forth herein. Defendant's business practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the Products are not made with artificial flavors.

69. Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

70. Defendant's wrongful business practices and violations of the UCL are ongoing.

71. Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

72. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the California Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

## THIRD CLAIM FOR RELIEF

### Violation of the False Advertising Law

### Cal. Bus. & Prof. Code §§ 17500, *et seq.*

73. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

74. Plaintiff brings this claim under the FAL individually and on behalf of the

CROSNER LEGAL, P.C.

California Class against Defendant.

75. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" Cal. Bus. & Prof. Code § 17500.

76. It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

77. As alleged herein, Defendant falsely advertised the Products by falsely representing that the Products are made with "natural flavors" and "no artificial flavors" when in fact, the Products contain DL-malic acid, which is an artificial flavor.

78. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased one of the Products in reliance on Defendant's false and misleading labeling claim that the Products were made with "no artificial flavors."

79. Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

80. Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

81. As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

82. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Classes, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth herein.

CROSNER LEGAL, P.C.

**FOURTH CLAIM FOR RELIEF**

**Breach of Express Warranty**

**Cal. Com. Code § 2313(1)**

83. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

84. Plaintiff brings this claim for breach of express warranty individually and on behalf of all Classes against Defendant.

85. As the manufacturer, marketer, distributor, and seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products were made with "no artificial flavors."

86. Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Products, including the representations that the Products were made with "natural flavors" and "no artificial flavors."

87. Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and members of the Class.

88. In fact, the Products do not conform to Defendant's representations because the Products contain DL-malic acid, which is an artificial flavor. By falsely representing the Products in this way, Defendant breached express warranties.

89. Plaintiff relied on Defendant's representations on the Products' labels and advertising materials which provide the basis for an express warranty under California law.

90. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for Products that were not as Defendant represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than if Defendant's representations about the characteristics of the Products were truthful.

91. Had Defendant not breached express warranties by making false representations as alleged herein, Plaintiff and Class Members would not have purchased the Products or would

CROSNER LEGAL, P.C.

not have paid as much as they did for them.

**FIFTH CLAIM FOR RELIEF**

**Breach of Implied Warranty**

**Cal. Com. Code § 2314**

92. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

93. Plaintiff brings this claim for breach of implied warranty individually and on behalf of all Classes against Defendant.

94. Plaintiff and the Class purchased the Products manufactured, advertised, and sold by Defendant, as described herein.

95. Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, misrepresented the characteristics of the Products to Plaintiff and the Class.

96. Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

97. However, Defendant breached that implied warranty in that the Products were not made with "no artificial flavors" and instead contain DL-malic acid, which is an artificial flavor.

98. As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Products did not conform to promises and affirmations made on the label of the Products.

99. Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranties in the amount of the Products' price premium.

**SIXTH CLAIM FOR RELIEF**

**Negligent Misrepresentation**

100. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

101. Plaintiff brings this claim for negligent misrepresentation individually and on

CROSNER LEGAL, P.C.

behalf of all Classes against Defendant.

102. Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

103. During the applicable class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the fact that the Products do contain artificial flavors, despite being advertised as made with "natural flavors" and "no artificial flavors."

104. Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price.

105. Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for the Products.

106. Plaintiff and Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

107. Plaintiff and Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

## SEVENTH CLAIM FOR RELIEF

### Intentional Misrepresentation/Fraud

108. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

109. Plaintiff brings this claim for intentional misrepresentation individually and on behalf of all Classes against Defendant.

110. Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class

CROSNER LEGAL, P.C.

Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

111. During the applicable class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including that the Products contain an artificial flavor called DL-malic acid, despite the Products' "natural flavors" and "no artificial flavors" representations. These representations were material and were uniformly made.

112. As noted in detail above, these representations were false and misleading, as the Products contain DL-malic acid, which is an artificial flavor. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

113. Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

114. Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay more for products if they believed they were made with no artificial flavors. For that reason, Defendant misrepresented the Products so that Defendant could realize greater profits. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products.

115. Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

116. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

117. Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

118. As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and

overpayment at the time of purchase.

119. Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## REQUEST FOR RELIEF

120. Plaintiff, individually, and on behalf of all others similarly situated, requests for relief pursuant to each claim as follows:

a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b. Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c. Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d. Ordering damages in amount which is different than that calculated for restitution for Plaintiff and the Class;

e. Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

f. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g. Ordering other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 17, 2026

**CROSNER LEGAL, P.C.**

By: */s/ Michael T. Houchin*
Michael T. Houchin

Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637

*Attorneys for Plaintiff and the Proposed Class*

**Civil Code Section 1780(d) Venue Affidavit**

I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff. This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act. Defendant has done, and is doing business in California, including in this District. Such business includes the marketing, promotion, distribution, and sale of the Products. Plaintiff purchased one of the Products at issue in this District.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 17, 2026 in San Diego, California.

Crosner Legal, P.C.

By: */s/ Michael T. Houchin*
MICHAEL T. HOUCHIN

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
mhouchin@crosnerlegal.com
*Attorneys for Plaintiff and the Proposed Class*